Filed 4/4/14  P. v. Ruiz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> MIGUEL CASTRO RUIZ, <br><br>     Defendant and Appellant. | H039635 <br> (Monterey County <br>  Super. Ct. No. SS120790) |

A jury found defendant Miguel Castro Ruiz guilty of taking a vehicle without consent (Veh. Code, § 10851, subd. (a)); evading a peace officer (Veh. Code, § 2800.1, subd. (a)); possession of burglary tools (Pen. Code, § 466); and giving a false name to a police officer (Pen. Code, § 148.9, subd. (a)).[1]  The trial court sentenced defendant to a total of ten years in state prison.

Defendant timely appealed and we appointed counsel to represent him in this court.  By letter dated December 3, 2013, this court notified defendant that his appellate counsel filed a brief that states the case and facts but raises no issue, and we informed defendant of his right to submit argument on his own behalf.  Defendant did not respond to that letter.  For the reasons stated here, we will affirm the judgment.

## I.   STANDARD OF REVIEW

We review the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440-441.)  We include here "a brief description

---

[1]  Unspecified statutory references are to the Penal Code.

of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## II.    TRIAL COURT PROCEEDINGS

The following factual summary is based on the testimony of witnesses at defendant's jury trial.  Shortly after 11:00 p.m. on April 28, 2012, Monterey County Sheriff's Deputy Jorge Perez noticed a truck with one broken headlight slow down as it passed the gas station where the deputy was conducting a business check.  Deputy Perez decided to follow the truck in his patrol car, provided the truck's license plate number to a dispatch officer for a registration check, and learned that the truck had been reported stolen.  Deputy Perez continued to follow the truck while waiting for backup.  Once backup arrived, Deputy Perez activated his emergency lights and siren near the intersection of North Main Street and San Juan Grade Road in Salinas.  The driver of the truck (later identified as defendant) picked up speed and a chase ensued.  Deputy Perez followed defendant and, upon seeing other cars stopped in front of him that could be in danger if the pursuit continued, employed a "pursuit immobilization techni[que]," which involved Deputy Perez using his patrol car to hit the truck on the side to make the truck spin out.  The technique made the truck spin, which stalled the engine.  The truck damaged a "No Parking" sign during the spin-out.

Defendant fled on foot and was immobilized through the use of a Taser.  Deputy Perez found a Volkswagen key and a single black glove on the street next to the driver's side door of the truck.  Inside the cab of the truck the deputy found the companion to that single black glove, as well as other keys, bolt cutters, and a wig.  Many of the keys were "shaved," meaning they had been filed down to "bypass some of the pins" in a car's ignition, which allows someone to start a car without having the proper set of keys. Deputy Perez testified that the items discovered were consistent with burglary tools.

Deputy Perez spoke with defendant at the scene of the traffic stop after a responding Salinas police officer gave defendant *Miranda*[2] warnings in Spanish.[3] Defendant gave Deputy Perez a false name (Samuel Torres Azevedo) and claimed his friend let him borrow the truck. However, he could not remember his friend's name or address. When asked whether he knew the actual owner of the truck, defendant said he could not remember.

A couple days later, Deputy Perez interrogated defendant at the county jail after advising defendant of his *Miranda* rights again in Spanish. Defendant admitted both that his true name was Miguel Castro Ruiz and that he saw Deputy Perez's emergency lights and siren when the deputy attempted to pull him over. At trial, Martin Oviedo Ortiz, the registered owner of the stolen truck, testified that he did not know defendant and never gave him permission to use his truck.

Defendant was charged by amended information with: (count one) felony unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)); (count two) misdemeanor evading a peace officer (Veh. Code, § 2800.1, subd. (a)); (count three) misdemeanor possession of burglary tools (§ 466); and (count four) misdemeanor giving a false name to a peace officer (§ 148.9, subd. (a)). As to the sole felony count, the amended information alleged two prior strike convictions (§ 1170.12, subd. (c)(2)); one prior conviction for taking a vehicle without the owner's consent (§ 666.5, subd. (a)); four prior prison terms (§ 667.5, subd. (b)); and one prior strike conviction, disqualifying defendant from receiving a county jail sentence (§ 1170, subd. (h)(3)).

The jury found defendant guilty on all four counts. The parties agreed to a bifurcated court trial regarding the special allegations. In that proceeding, the court

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

[3] It is unclear from the record whether Deputy Perez, a "department-certified Spanish speaker," spoke with defendant in English or Spanish; a later interview at the jail was conducted "in both languages."

admitted into evidence records from defendant's previous incarceration (§ 969b) and took judicial notice of a Monterey County Superior Court case file for one of defendant's prior convictions. Based on that evidence, the court found true beyond a reasonable doubt all of the special allegations.

The court received the probation report in March 2013 and set sentencing and a hearing on defendant's *Romero*[4] motion for May 2013. The court also struck one of defendant's prior strikes on its own motion. At the hearing in May 2013, the court denied defendant's *Romero* motion, finding that although defendant's current offense was less serious than the remaining prior strike, defendant did not fall "outside the spirit of the three strikes law," as evidenced by defendant's violations of parole and probation as well as defendant's status as a parolee when he committed the most recent offense. The court denied probation and sentenced defendant to the middle term of three years in state prison for count one (Veh. Code, § 10851; § 666.5, subd. (a)), doubled to six years due to the prior strike. (§ 1170.12, subd. (c)(1).) The court also imposed one consecutive year for each of defendant's four prior prison terms (§ 667.5, subd. (b)), for a total sentence of ten years.

The court also ordered defendant to pay a $3,000 restitution fine (§ 1202.4, subd. (b)(1)) with an additional $3,000 imposed but suspended pending successful completion of parole (§ 1202.45, subd. (a)); $594 in victim restitution to the County of Monterey for damage to the "No Parking" sign; a $160 court operations fee (§ 1465.8, subd. (a)(1)); a $120 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)); and an $8 emergency medical air transportation penalty (Gov. Code, § 76000.10, subd. (c)(1)). Finally, the court gave defendant 569 days of custody credit (consisting of 285 days actual custody and 284 days of section 4019 conduct credits).

---

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

We have reviewed the entire record and have found no arguable issue. However, we note a clerical error in the abstract of judgment. The trial court's minute order correctly imposed an $8 emergency medical air transportation penalty based on defendant's two Vehicle Code violations (Gov. Code, § 76000.10, subd. (c)(1) [imposing $4 fine for "every conviction for a violation of the Vehicle Code"]), but the abstract of judgment omits the fine.[5] To remedy this discrepancy, we will direct the clerk of the trial court to correct the abstract of judgment.

### III.    DISPOSITION

The judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment to reflect the $8 emergency medical air transportation penalty. (Gov. Code, § 76000.10, subd. (c)(1).)

_____
Grover, J.

**WE CONCUR:**


_____
Bamattre-Manoukian, Acting P.J.


_____
Mihara, J.

---

[5] Though the emergency medical air transportation penalty is correctly set at $8 on the minute order, the trial court misspoke at the May 2013 hearing when it stated that penalty was only $4.